IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEVIN JAMES CHEEK,                :
                                  :
    Plaintiff,                    :   CIVIL ACTION NO. 5:15-cv-310-MTT
                                  :
v.                                :
                                  :
LIFE INSURANCE COMPANY OF         :
NORTH AMERICA,                    :
                                  :
    Defendant.                    :

## COMPLAINT

COMES NOW, Plaintiff in the above-styled action, KEVIN JAMES CHEEK (hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., shows this Court the following:

1.

Plaintiff is a fifty-seven (57) year old individual residing at 5830 Fulton Mill Road, Lizella, Bibb County, Georgia 31052.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits due to him under the terms of his plan.

3.

Defendant, Life Insurance Company of North America (hereinafter "Defendant"), is a corporation organized and existing pursuant to the laws of the State of Pennsylvania. Defendant

at all times relevant to this Complaint maintained offices and conducted business in the State of Georgia. Service of process may be perfected upon Defendant's registered agent, C.T. Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff was employed as a Truck Driver/Dock Worker for Con-Way, Inc., which provided a Long Term Disability (LTD) Plan insured by Defendant (Policy No.: FLK0980040) (hereinafter "the Plan"). At all relevant times hereto, Con-Way, Inc., was an employer engaged in commerce; therefore, the Plan is governed by ERISA pursuant to 29 U.S.C. §1003(a).

7.

At all times during the course of his employment with Con-Way, Inc., Plaintiff was a participant in the Plan and is, therefore, entitled to LTD benefits from the same.

8.

Plaintiff's disability commenced on or about February 21, 2014, and he filed a timely LTD claim with Defendant. Pursuant to the terms of the Plan, he was ineligible to receive benefits until the expiration of the applicable "elimination period" of 180 days.

9.

Plaintiff provided Defendant with medical documentation that showed he was "disabled" under the terms of the Plan due to the combination of a myriad of impairments including, but not

limited to:  Atherosclerotic Cardiovascular Disease, Coronary Artery Disease (CAD), shortness of breath (SOB), chest pain, arrhythmia, hyperlipidemia, hypertension, and fatigue.  Defendant denied Plaintiff's claim based on its contention that Plaintiff did not meet the Plan's definition of "disability."

10.

Plaintiff timely appealed Defendant's decision to deny his LTD benefits and provided further medical and vocational documentation, including a "Notice of Award" from the Social Security Administration (SSA) indicating that it had found Plaintiff to be disabled, all of which demonstrated that he remained "disabled" under the terms of the Plan.  However, on June 30, 2015, Defendant ignored the evidence and affirmed its decision to deny Plaintiff's benefits.

11.

Defendant's failure to determine Plaintiff is eligible for LTD benefits on the basis of his demonstrated "disability" was "arbitrary and capricious" and the result of its disregard of medical and vocational documentation showing that Plaintiff is "disabled" under the terms of the Plan.

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of his full LTD benefits accrued and unpaid to date;

(b) Order Defendant to pay Plaintiff his monthly LTD benefit to which he is entitled from this point forward;

(c) Order Defendant to pay Plaintiff interest on all monies due and owed;

(d) Deny Defendant any applicable offsets as equitable relief;

(e) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against

Defendant; and

    (f) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

    RESPECTFULLY SUBMITTED, this 12th day of August, 2015.

                                  WESTMORELAND, PATTERSON, MOSELEY
                                      & HINSON, LLP
                                  Attorneys for Plaintiff

                                  s/BRADLEY G. PYLES
                                  Georgia Bar No.: 590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651